UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| TROY WILLIAMS, | ) |
|       Plaintiff | ) |
| v. | )     2:20-mc-00119-DBH |
| AIRE SERV LLC et al., | ) |
|       Defendants | ) |

### RECOMMENDED DECISION ON DEFENDANTS' MOTION FOR TURNOVER ORDER

Pursuant to 14 M.R.S. § 3131, Defendants ask the Court to order a Maine bank, Katahdin Trust Company (Katahdin), to turn over the funds in an account in Plaintiff's name. (Motion, ECF No. 8.)

After review of Defendants' motion and supporting documents, I recommend the Court deny the motion without prejudice.[1]

### BACKGROUND

On February 19, 2020, in an action in the United States District Court for the Western District of Texas, Defendants recovered judgment against Plaintiff in the amount of $224,663.43 and attorneys' fees in the amount of $168,300.75. *See Williams v. Aire Serv, LLC et al.*, No. 6:18-cv-00304. (Abstract of Judgment, ECF No. 1-1.) A Certification

---

[1] Pursuant to 28 U.S.C. § 636, a Magistrate Judge may enter orders on certain pretrial matters. Because the enforcement of a money judgment is a post-judgment matter, a recommended decision is appropriate. *See e.g., Helfman v. GE Grp. Life Assur. Co.*, No. 2:06-cv-13528, 2011 WL 1457740, at *1 n.1 (E.D. Mich. Mar. 15, 2011), *report and recommendation adopted*, 2011 WL 1457742 (E.D. Mich. Apr. 15, 2011).

of the judgment was filed with this Court on May 9, 2020. (Certification, ECF No. 1.) The clerk issued a Writ of Execution on November 25, 2020. (Writ, ECF No. 2.)

On December 10, 2020, Defendants requested a disclosure hearing be held, pursuant to 14 M.R.S. § 3125, in order "to examine [Plaintiff] to determine his ability to pay the Judgment." (Correspondence, ECF No. 4.) On December 15, 2020, the Court notified the parties that "[i]n accordance with General Order 202-14 all in-court proceedings are suspended until April 2021" and that the requested "disclosure hearing in this matter will be scheduled after resumption of in-court proceedings." (Notice, ECF No. 6.) Based on information to suggest that Plaintiff had a bank account at Katahdin, Defendants served a writ of execution on the bank on January 13, 2021. (Process Receipt, ECF No. 7; Exhibit, ECF No. 8-5.)

On January 29, 2021, Defendants moved for a turnover order. Specifically, Defendants ask the Court to direct Katahdin "to comply with the Writ of Execution and to disburse whatever funds are in the [Plaintiff-Debtor's] account to counsel for [Defendants-Creditors] in satisfaction of the final Judgment against the [Plaintiff-Debtor]." (Motion ¶ 13.) Defendants maintain that Katahdin has confirmed that it holds "some funds" of Plaintiff and that Katahdin has "put a freeze on the funds" in Plaintiff's account. (*Id.* ¶¶ 7, 12.)

## DISCUSSION

Federal Rule of Civil Procedure 69 provides in pertinent part that "[t]he procedure on execution – and in proceedings supplemental to and in aid of judgment or execution – must accord with the procedure of the state where the court is located." Fed. R. Civ. P.

69(a)(1).  Defendants evidently ask the Court to order Katahdin to turn over the funds without a hearing and based solely on the writ of execution.

The filing of an execution creates a lien in favor of the judgment creditor on non-exempt property.  14 M.R.S. 4651-A(2).  The lien does not entitle a judgment creditor to the automatic turnover of the property that is subject to the lien.  Further process is required.  Maine law provides:

> When it is shown *at a hearing* under this chapter that the judgment debtor owns personal property or real property which is not wholly exempt from attachment or execution pursuant to sections 4421 to 4426, the court shall determine the value of the property or interest and the extent to which the property or interest is exempt.  Upon request of the judgment creditor to turn over to the judgment creditor[2] in partial or full satisfaction of the judgment, interest and costs, such items of property which are not in whole or in part exempt and the value of which is determined to be less than or equal to the amount owed on the judgment, interest and costs.

14 M.R.S. § 3131(1). (emphasis supplied).

As the language of the statute reflects, a hearing is required before the Court may issue a turnover order.  The hearing contemplated by Maine's statutory scheme requires service of a disclosure subpoena on the judgment debtor, *see id.* § 3122(1), followed by a disclosure hearing, *see id.* § 3125(1).  At the disclosure hearing, "the judgment debtor shall appear . . . to determine his ability to pay the judgment" and, under oath, "shall disclose his income, assets and any other information which will aid the judgment creditor in enforcing the judgment."  *Id.*  At such a hearing, the judgment debtor has the burden to establish whether any property would be exempt.  *See Wuori v. Otis*, 2020 ME 27, ¶ 9, 226 A.3d

---

[2] Maine law defines a "judgment creditor" as "any person, corporation, partnership or other entity who or which is the owner of any judgment unsatisfied in whole or in part. . . ."  14 M.R.S. § 3121(3).

771; 14 M.R.S. § 3131(1). As relevant to this matter, "[u]nless the debtor fails to appear for the disclosure hearing, testimony of the debtor shall be taken *before* the court issues any order pursuant to this chapter." 14 M.R.S. § 3125(1) (emphasis supplied).

In this case, Defendants seek a turnover order without service of a disclosure subpoena and without a hearing. The process requested by Defendants is not authorized by Maine law. At this stage of the proceedings, therefore, Defendants are not entitled to a turnover order.

## Conclusion

Based on the foregoing analysis, I recommend the Court deny Defendants' motion for a turnover order without prejudice to Defendants' ability to request a turnover order in accordance with Maine law.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison  
U.S. Magistrate Judge

Dated this 8th day of February, 2021.